# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JENNIFER GATIEN,

      Plaintiff,

v.

                               Case No.:

JORDAN GOUDREAU,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff, Jennifer Gatien, sues Defendant, Jordan Goudreau, and alleges as follows.

### Introduction

1.    This is an action for damages in excess of $75,000, exclusive of interest, costs, and attorneys' fees.

2.    Plaintiff permanently resides and intends to continue to reside in New York, New York.

3.    Defendant is a fugitive wanted by the Federal Bureau of Investigation. Defendant's last known residence was in Tampa, Florida.

4.    This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1332 because the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees and the action is between citizens of different states.

5.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and Defendant's last known residence was in this District.

6.      Pursuant to Local Rule 1.04(b), this division is proper because the events giving rise to Plaintiff's claims occurred within this division. Thus, this division is where the action is most connected and most conveniently advanced.

### Verified General Allegations

7.      Plaintiff and Defendant were professional acquaintances.

8.      In the course of their professional relationship, Plaintiff incurred several expenses on Defendant's behalf. Further, Plaintiff and Defendant entered into various agreements described below.

### Bitcoin Investment Agreements

9.      In July 2022, Defendant borrowed $11,000 from Plaintiff for the costs of his mother's memorial. Rather than repaying the loan, Defendant offered to invest the funds in Bitcoin and Plaintiff agreed. Defendant had an existing Bitcoin wallet and experience in crypto investments. On October 31, 2022, the parties agreed that Defendant would deposit Plaintiff's $11,000 into his Bitcoin wallet and oversee the funds. At the time, Plaintiff's investment equaled 0.5369 BTC.

10.     The parties further agreed that Plaintiff assumed the risk of her investment and could withdraw the current value of her investment at any time by providing notice to Defendant.

2

11.    On September 8, 2023, the parties agreed to convert a separate $7,000 loan into the same Bitcoin investment agreement defined above. At the time, Plaintiff's $7,000 deposit equaled 0.27 BTC.

12.    In April 2024, Defendant showed Plaintiff the Bitcoin wallet that held Defendant's funds and Plaintiff's investment funds. Due to the appreciation of the account, Plaintiff wired Defendant an additional $5,000 to be invested into the Bitcoin wallet on April 22, 2024 pursuant to the same investment agreement defined above. At the time, Plaintiff's $5,000 deposit equaled 0.07368475 BTC.

**Plaintiff's Personal Property**

13.    At all material times, Plaintiff owned, among other things, a Dustin Yellin sculpture and a Rolex 2005 GMT-Master II 50th Anniversary 18k yellow gold watch.

14.    On or about December 8, 2022, Defendant destroyed Plaintiff's Dustin Yellin sculpture.

15.    On or about January 24, 2024, Defendant took possession of Plaintiff's Rolex watch, camera equipment, and naturalization certificate without Plaintiff's authorization.

16.    After taking possession of Plaintiff's property, Defendant represented to Plaintiff that the items were being stored in Oklahoma and that he would return them when he could retrieve them.

3

17.   Plaintiff demanded that Defendant replace the Yellin sculpture and return the items he took. Despite promises to return or replace them, Defendant failed to do so.

18.   On or about July 31, 2024, Defendant was arrested and was unable to travel. Defendant agreed that he would reimburse Plaintiff the costs she incurred in traveling to Oklahoma to retrieve the property.

19.   On June 28, 2025, Plaintiff traveled to Oklahoma and was able to retrieve her camera equipment and naturalization papers. However, Plaintiff's Rolex was missing.

**Additional Bitcoin Investment**

20.   After Defendant's arrest, Plaintiff agreed to pledge her New York apartment as a surety bond to secure Defendant's release from custody. In exchange, Defendant provided Plaintiff with two Lady Liberty gold bars, which, at the time, were valued at $66,000. Defendant also deposited his Bitcoin wallet, which held Plaintiff's investments, with a third party.

21.   On November 13, 2024, Plaintiff, Defendant, and Defendant's criminal defense attorney participated in a Zoom conference during which Defendant acknowledged his debts to Plaintiff. Defendant also expressly stated that the gold bars belonged to Plaintiff and that his Bitcoin wallet would be held by the third party for safekeeping and security.

22.   On or about December 1, 2024, the parties agreed that Plaintiff would return the gold bars to Defendant, which he would liquidate into Bitcoin for Plaintiff

pursuant to the same terms of the parties' other Bitcoin agreements defined above. At the time, Plaintiff's $66,000 deposit equaled 0.6783 BTC. This brought Plaintiff's total Bitcoin investment to 1.55888475 BTC.

### Demand and Acknowledgement of Debts

23.    In June and July, 2025, Plaintiff demanded that Defendant convert her 1.55888475 BTC into US dollars for payment to Plaintiff and reimburse Plaintiff for all expenses she advanced on Defendant's behalf.

24.    On July 16, 2025, Defendant agreed that he would do so by September 1, 2025.

25.    On or about July 16, 2025, Defendant sent a text message in which he agreed to repay the advances as follows:

    a.    $15,000 to compensate Plaintiff for legal fees she incurred on Defendant's behalf;

    b.    $30,000 to compensate Plaintiff for the Yellin sculpture Defendant destroyed;

    c.    $4,200 to compensate Plaintiff for furniture Defendant destroyed;

    d.    $2,000 to compensate Plaintiff for clothing she purchased for Defendant;

    e.    $800 to compensate Plaintiff for a smart phone she purchased for Defendant;

    f.    $2,500 to compensate Plaintiff for travel costs she incurred in connection with retaining her camera equipment and naturalization certificate;

    g.    $2,500 to compensate Plaintiff for costs she incurred to retain a Board of Parole consultant on Defendant's behalf;

h.    $5,000 to compensate Plaintiff for costs she incurred for travel and clothing on Defendant's behalf for Defendant's trip to Mar-a-Lago.

A true, complete, and authenticate copy of the text message is attached as **Exhibit A**.

26.    All conditions precedent to the bringing and maintenance of this lawsuit have been met, have occurred, or have been waived.

27.    Plaintiff has been required to retain counsel to prosecute her claims and is obligated to pay them a reasonable fee for their services.

### Count I - Conversion

28.    Plaintiff realleges paragraphs 1 through 27.

29.    At all material times, Plaintiff was the rightful owner and entitled to possession of a Dustin Yellen sculpture valued at $30,000 and a Rolex 2005 GMT-Master II 50th Anniversary 18k yellow gold watch valued at $60,000.

30.    Defendant exercised wrongful dominion and control over Plaintiff's personal property. Defendant destroyed the Yellin sculpture and confiscated the Rolex.

31.    Plaintiff demanded return or replacement of her property and Defendant failed to comply.

32.    As a proximate cause of Defendant's conversion, Plaintiff sustained damages of $90,000.

WHEREFORE, Plaintiff requests judgment against Defendant in the amount of $90,000, plus interest and costs, and for such further relief as the Court deems just and proper.

## Count II – Breach of Contract

33.     Plaintiff realleges paragraphs 1 through 27.

34.     Plaintiff and Defendant entered into an enforceable contract pursuant to which Defendant, for the benefit of Plaintiff, made four deposits into Defendant's Bitcoin wallet, which Defendant agreed to manage and return to Plaintiff, as described above.

35.     In addition, Plaintiff incurred funds on Defendant's behalf that Defendant agreed to pay back to Plaintiff.

36.     Defendant breached the contract on September 1, 2025 when he refused to withdraw and return the current value of Plaintiff's 1.55888475 BTC. On September 1, 2025, Plaintiff's Bitcoin was valued at $170,309.08.[1]

37.     Not counting the value of the Yellin sculpture, which is accounted for in Plaintiff's conversion claim, the total amount Plaintiff incurred on Defendant's behalf, which Defendant agreed to pay back, is $32,000.

38.     As a proximate cause of Defendant's breach, Plaintiff sustained damages of $202,309.08.

WHEREFORE, Plaintiff requests judgment against Defendant in the amount of $202,309.08, plus interest and costs, and for such further relief as the Court deems just and proper.

---

[1] Calculated by using the BTC to USD exchange rate published by Yahoo Finance.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims so triable.

Dated: January 16, 2026.                    Respectfully submitted,

                                            */s/ Brad F. Barrios*
                                            Brad F. Barrios – FBN 35293
                                            Trial Counsel
                                            E-mail: bbarrios@tcb-law.com
                                            Turkel • Cuva • Barrios • Guerra
                                            100 N. Tampa Street, Suite 1900
                                            Tampa, FL 33602
                                            Tel: (813) 834-9191
                                            Fax: (813) 443-2193
                                            *Attorneys for Plaintiff*

# **VERIFICATION**

Under penalties of perjury, I declare that I have read every statement in the Verified General Allegations section, paragraphs 7 through 27 of this Complaint, and that the facts stated in it are true.

DocuSigned by:

_____
B30S456BA04E4E8...

Jennifer Gatien